**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Cr. No. 5-218 |
| | ) Cv. No. 10-1136 |
| v. | ) |
| | ) |
| MARCEL RAYNARD FARRISH | ) |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Defendant was sentenced for possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(2), 18 U.S.C. § 924(c)(1)(A), and 18 U.S.C. § 922(g)(1). The Court of Appeals dismissed his notice of appeal on August 3, 2009. Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, alleging that counsel was ineffective for failing to challenge the five year consecutive sentence for violation of 18 U.S.C. § 924 (c); that the court erred in admitting certain expert witness testimony; and that he is eligible for relief under the Fair Sentencing Act of 2010 ("FSA"), signed into law on August 3, 2010.

**OPINION**

**I. APPLICABLE STANDARDS**

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, No. 93-22-2, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I will consider Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

### A. FAIR SENTENCING ACT

Defendant has filed a supplemental Motion, based on the FSA. A defendant whose crime occurred before August 3, 2010 is not entitled to retroactive application of the FSA. United States v. Reevey, No. 10-1812, 2010 U.S. App. LEXIS 25587 (3d Cir. Dec. 14, 2010); United States v. Dickey, No. 9-34, 2011 U.S. Dist. LEXIS 474 (W.D. Pa. Jan. 4, 2011). In this case, Defendant was charged with crimes occurring well before the FSA was signed into law. Accordingly, he is not entitled to retroactive application of the FSA, or to habeas relief on those grounds.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

### 1. Applicable Standards

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). Both trial and appellate counsel are governed by the same standards. See Smith v. Robbins, 528 U.S. 259, 285-86, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). In order to fairly assess attorney performance, a court must make "every effort…to eliminate the distorting effects of hindsight…." Douglas v. Cathel, 456 F. 3d 403, 420 (3d Cir. 2006).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance," and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. In order to be effective, appellate counsel need not raise every possible claim on appeal. Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996); Kane v. Kyler, 201 F. Supp. 2d 392, 399-400 (E.D. Pa. 2001). Moreover, as regards appellate counsel, the question is not whether Defendant would prevail on remand, but whether the Court of Appeals would likely have reversed and remanded had the issue been raised on appeal. United States v. Mannino, 212 F. 3d 835, 844-45 (3d Cir. 2000). In light of the wide array of circumstances faced by counsel, and the range of legitimate decisions regarding how best to represent a

defendant, Strickland's inquiry turns on whether counsel's assistance was reasonable considering all the circumstances.[1] Wong v. Belmontes, 130 S. Ct. 383, 385, _ U.S. __, 175 L. Ed. 2d 328 (2009). At all points, "judicial scrutiny of counsel's performance must be highly deferential." Id.

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13. Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844. A court need not consider both components of Strickland, if there is an insufficient showing on the other. Strickland, 466 U.S. at 697. If a claim fails either prong, it cannot succeed. Id. at 697.

**2. Consecutive Sentences**

In this case, Defendant contends that both trial and appellate counsel were ineffective for failing to properly deal with the five-year consecutive sentence imposed on him pursuant to 18 U.S.C. 924(c). As the parties point out, this matter is the subject of a split among appellate courts. However, the United States Court of Appeals for the Third Circuit has held, as a matter of binding precedent in this judicial district, that Section 924(c) "has consistently specified a minimum additional sentence that must be imposed consecutively to any other term of

---

[1] "All the circumstances" include the evidence amassed against Defendant.

imprisonment when a 'crime of violence or drug trafficking crime' involves a firearm." United States v. Abbott, 574 F.3d 203, 208 (3d Cir. Pa. 2009). Abbott confirmed the state of the law at the time of Defendant's sentencing. See United States v. Abbott, No. 5-333, 2008 U.S. Dist. LEXIS 15175 (E.D. Pa. Feb. 27, 2008). Given this precedent, counsel acted reasonably, and there is insufficient probability that the result would have been different, had counsel challenged the sentence. Accordingly, neither trial nor appellate counsel was ineffective in that regard.

### 3. Admission of Expert Testimony

Finally, Defendant challenges the admission of expert witness testimony, as contrary to Fed. R. Evid. 704(b). Defendant contends, in his initial Motion, that the Court of Appeals incorrectly rejected this argument. I am without authority, however, to review the reasoning or decision of the Court of Appeals, and this is not a proper subject of a habeas petition. Additionally, Defendant contends that appellate counsel failed to deal with the Court of Appeals' incorrect decision, by seeking a recall of that Court's mandate. In the first instance, an assessment of this contention would require review of the Court of Appeals' decision, which, as indicated, would be inappropriate. In addition, the power to recall mandates is "exercised only in extraordinary circumstances," and "sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen, contingencies." Calderon v. Thompson, 523 U.S. 538, 549, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998). Moreover, an appellate court reviews evidentiary rulings under a fairly lenient abuse of discretion standard. E.g., Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408 (3d Cir. 2001). Thus, no matter the debatable merits of Defendant's close analysis of the issue, I can find neither a reasonable probability that

an attempted recall would have succeeded, nor that counsel's performance fell below the wide range of acceptable assistance. I will deny Defendant's Motion to that extent.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made the required showing. Therefore, a certificate of appealability will not issue in any respect.

### CONCLUSION

In sum, under applicable deferential standards and presumptions, Defendant has not demonstrated a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. He is not, therefore, entitled to habeas relief. In addition, no certificate of appealability shall issue. An appropriate Order follows.

### ORDER OF COURT

AND NOW, this 27th day of January, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's habeas corpus motion is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, United States District Court